47

Ira S. Rawson
vs.                    }No.41808
Cyrus P. Taft, Town
Treasurer et al.

December 15, 1917

TANNER, P. J. This is an action at law brought originally against the Town of Cumberland and the Pawtucket Gas Company. The declaration filed in the case, however, was against the Town of Cumberland only, and in December, 1917, the case was discontinued against the Pawtucket Gas Company. The plaintiff had discovered that his action against the Town of Cumberland was barred by the Statute of Limitations when said action was commenced. The plaintiff therefore asks the Court to

vacate his discontinuance of the action against the Pawtucket Gas Company and reinstate it. At the time of making said motion, however, plaintiff's action against the Pawtucket Gas Company is also barred. The plaintiff files affidavits of himself and counsel to show that the plaintiff did not know of or consent to the discontinuance of his action against the Pawtucket Gas Company. The attorney for plaintiff argues that the discontinuance was therefore void against the plaintiff as being made without authority.

The plaintiff argues that while it was within the general power of his attorney to discontinue the action as being a matter pertaining to the remedy rather than the cause of action, this is not true where the Statute of Limitations has run. The defendant, on the other hand, cites several cases holding that it is immaterial that the statute has run since the running of the statute does not destroy the plaintiff's cause of action, since it is within the choice of the defendant whether or not to plead the statute. The cases cited by the defendant undoubtedly sustain this position. The reasoning in said cases, however, does not commend itself to the Court. While it is technically correct to say that the cause of action still exists although the statute has run, it is a matter of common sense to say that a discontinuance where the statute has run amounts practically to a release of the cause of action, since the defendant undoubtedly will plead the statute under such circumstances.

In the face of these decisions, however, we feel that it will be for the interests of both parties to refuse to reinstate the case and have the point decided by the Supreme Court and thus prevent what may be a useless expense to both parties.

The motion is therefore denied.

For plaintiff: Champlin & Harris.
For defendant: Elisha C. Mowry.